UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THERON HUNTER** | **CIVIL ACTION** |
| **versus** | **NO. 11-670** |
| **N. BURL CAIN, WARDEN,** <br> **LOUISIANA STATE PENITENTIARY** | **SECTION: "I" (3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Theron Hunter, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On January 9, 2002, he was convicted of aggravated rape under Louisiana law.[1] On February 15, 2002, he was sentenced to a term of life imprisonment without

---

[1] State Rec., Vol. III of VII, transcript of January 9, 2002, p. 93; State Rec., Vol. I of VII, minute entry dated January 9, 2002; State Rec., Vol. I of VII, jury verdict form.

benefit of probation, parole, or suspension of sentence.[2]  On May 9, 2003, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.[3]  The Louisiana Supreme Court then denied his related writ application on December 19, 2003.[4]

On July 12, 2004, petitioner filed with the state district court an application for post-conviction relief.[5]  That application was denied on July 19, 2004.[6]  On October 4, 2004, the Louisiana First Circuit Court of Appeal denied petitioner's related writ application because he failed to submit the required supporting documentation.[7]  Petitioner then resubmitted that application with the supporting documentation; however, the Louisiana First Circuit Court of Appeal again denied

---

[2] State Rec., Vol. III of VII, transcript of February 15, 2002; State Rec., Vol. I of VII, minute entry dated February 15, 2002.

[3] State v. Hunter, No. 2002 KA 2262 (La. App. 1st Cir. May 9, 2003); State Rec., Vol. IV of VII.

[4] State v. Hunter, 861 So.2d 558 (La. 2003) (No. 2003-KO-1722); State Rec., Vol. IV of VII.

[5] State Rec., Vol. IV of VII.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date as the filing date, in that the applications were obviously placed in the mail no earlier than the date they were signed.

[6] State Rec., Vol. IV of VII, Order dated July 19, 2004.

[7] State *ex rel.* Hunter v. State, No. 2004 KW 1836 (La. App. 1st Cir. Oct. 4, 2004); State Rec., Vol. IV of VII.

relief on February 22, 2005.[8] The Louisiana Supreme Court then likewise denied relief on February 3, 2006.[9]

On June 26, 2009, petitioner filed with the state district court a second application for post-conviction relief.[10] That application was denied on September 29, 2009.[11] His related writ applications were also denied by the Louisiana First Circuit Court of Appeal on January 19, 2010,[12] and by the Louisiana Supreme Court on February 18, 2011.[13]

On March 17, 2011, petitioner filed the instant federal application for *habeas corpus* relief.[14] The state contends that petitioner's federal application is untimely.[15] The state is correct.

---

[8] State *ex rel.* Hunter v. State, No. 2004 KW 2662 (La. App. 1st Cir. Feb. 22, 2005); State Rec., Vol. IV of VII.

[9] State *ex rel.* Hunter v. State, 922 So.2d 1163 (La. 2006) (No. 2005-KH-1018); State Rec., Vol. IV of VII.

[10] State Rec., Vol. IV of VII.

[11] State Rec., Vol. IV of VII, Order dated September 29, 2009.

[12] State v. Hunter, No. 2009 KW 2082 (La. App. 1st Cir. Jan. 19, 2010); State Rec., Vol. IV of VII.

[13] State *ex rel.* Hunter v. State, 57 So.3d 326 (La. 2011) (No. 2010-KH-0413); State Rec., Vol. IV of VII.

[14] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his application on March 17, 2011; therefore, that is the earliest date it could have been given to prison officials for mailing.

[15] Rec. Doc. 12.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications.  The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Clearly, Subsections B and C are inapplicable in the instant case, in that petitioner does not claim either the existence of a state-created impediment to filing or a newly-discovered constitutional right.  Moreover, for the following reasons, it is clear that petitioner's federal application is untimely under both Subsections A and D.

28 U.S.C. § 2244(d)(1)(A)

As noted, under 28 U.S.C. § 2244(d)(1)(A), a petitioner must bring his federal *habeas corpus* claims within one (1) year of the date on which his underlying criminal judgment became final upon the expiration of time for seeking direct review.  In the instant case, the Louisiana

Supreme Court denied petitioner's writ application on direct review on December 19, 2003. Therefore, his criminal judgment became "final" no later than March 18, 2004, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, his period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

After one hundred fifteen (115) days elapsed, petitioner tolled the federal limitations period on July 12, 2004, by filing a post-conviction application with the state district court. Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004). Therefore, at the latest, tolling ceased when the Louisiana Supreme Court denied relief on February 3, 2006.[16]

---

[16] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

When the limitations period resumed running at that point, petitioner had two hundred fifty (250) days remaining. Therefore, he had only until October 11, 2006, to either again toll the limitations period or file his federal application.

Petitioner had no other properly-filed applications for state post-conviction relief or other collateral review pending at any time on or before October 11, 2006. Therefore, he clearly is not entitled to further statutory tolling.

That, however, does not end the Court's inquiry, because the AEDPA's limitations period is also subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before October 11, 2006, in order to be timely under 28 U.S.C. § 2244(d)(1)(A). His federal application was not filed until March 17, 2011, and it is therefore untimely under that subsection.

### 28 U.S.C. § 2244(d)(1)(D)

In his federal application, petitioner notes repeatedly that his claim is based on "newly discovered evidence." Those references could arguably be construed as an attempt to invoke Subsection D. However, even under that subsection, petitioner's federal application is untimely for the following reasons.

Petitioner argues that, upon his receipt of a copy of the District Attorney's file on or about August 4, 2008, he learned that one of the state's witnesses had allegedly committed perjury at trial. However, under Subsection D, petitioner's limitations period would run not from the date on which the copy of the District Attorney's file *was in fact obtained,* but rather only from the date on which it *could have been obtained through the exercise of due diligence.* Therefore, the Court must determine when, through the exercise of due diligence, petitioner could first have obtained access to that file.

The state argues that the evidence at issue was discoverable even prior to petitioner's conviction, in that the District Attorney provided "open file" discovery during the prosecution.[17] That appears to be true, and so Subsection D would not aid petitioner.

Nevertheless, even if there were some reason to believe that the documents here would not have been obtainable prior to conviction, they certainly were available as soon as petitioner's conviction became final on direct appeal. The Louisiana Public Records Law expressly provides that a district attorney's file is subject to disclosure as a public record when the underlying criminal litigation is "finally adjudicated or otherwise settled." La.Rev.Stat.Ann. § 44:3(A)(1). "In

---

[17] See State Rec., Vol. I of VII, State's Answer to Motions for Discovery and Inspections.

the context of § 3(A)(1), instituted criminal litigation is 'finally adjudicated' when the conviction becomes final ([La.C.Crim.P.] Art. 922) or is 'otherwise settled' either by dismissal or by nolle prosse of the formal accusation of the DA." Harrison v. Norris, 569 So.2d 585, 589 (La. App. 2d Cir. 1990) (emphasis omitted); see also Wallace v. Ware, 657 So.2d 734, 737 (La. App. 1st Cir. 1995) ("[A] criminal defendant cannot be denied access to his criminal files after his conviction becomes final."). The possibility that a convicted person may still seek post-conviction relief has no effect on § 3(A)(1). "Post conviction relief ... is not 'criminal litigation' within the meaning of the Public Records Act." Lemmon v. Connick, 590 So.2d 574, 575 (La. 1991) (per curiam).

Therefore, *at the latest*, petitioner could have gained access to the evidence on which his claim is based as soon as his conviction became final on direct appeal, and so it is at that point that his limitations period would have commenced if Subsection D were applicable. See Ballay v. Louisiana, Civ. Action No. 06-10699, 2007 WL 4413990, at *4-5 (E.D. La. Dec. 13, 2007); Heard v. Cain, Civ. Action No. 06-3207, 2007 WL 763691, at *3 (E.D. La. Mar. 9, 2007). As a result, Subsection D would gain petitioner no additional delay of the commencement date otherwise provided under Subsection A. Accordingly, even if § 2244(d)(1)(D) were applicable, petitioner's federal application would still be untimely for the reasons previously explained.[18]

---

[18] On a related note, the Court is aware that petitioner argues that his claim concerning the "newly discovered evidence" was improperly denied in state court because the Louisiana Supreme Court wrongly found that his application was barred by La. Code Crim. P. art. 930.8. However, that is not an issue for this federal court. Article 930.8, which sets forth the limitations period and the exceptions thereto, is a provision of state law, and, as such, its interpretation is left to the state courts. "[I]t is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Molo v. Johnson, 207 F.3d 773, 776 n.9 (5th Cir. 2000) ("Federal *habeas* review does not extend to state court conclusions of state law."); Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement

Because petitioner's federal application is untimely under either § 2244(d)(1)(A) or (D), and because § 2244(d)(1)(B) and (C) are clearly inapplicable, the undersigned finds that the application should be dismissed as untimely filed.[19]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Theron Hunter be **DISMISSED WITH PREJUDICE**.

---

as to state law is not cognizable on federal *habeas*). Simply put, a federal *habeas* court does "not sit as a 'super' state supreme court" to review alleged errors of state law. Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); see also Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991). Rather, federal *habeas corpus* relief may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, mere violations of state law will not suffice. See Engle v. Isaac, 456 U.S. 107, 119 (1983).

Moreover, even if the Louisiana Supreme Court did misapply article 930.8, which is an issue this Court need not and does not reach, it would have no bearing in this proceeding. An error in state post-conviction proceedings does not affect the validity of an underlying conviction or sentence, and therefore such an error cannot serve as a basis for relief in a federal *habeas corpus* proceeding. See, e.g., Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992) ("[I]nfirmities in state habeas proceedings do not constitute grounds for federal habeas relief. We look only to the trial and direct appeal." (footnote omitted)); see also Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999) ("[O]ur circuit precedent makes abundantly clear that errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief."); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("[E]rrors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction. An attack on a state habeas proceeding does not entitle a petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself." (internal quotation marks omitted)); Anthony v. Cain, Civ. Action No. 07-3223, 2009 WL 3564827, at *23 (E.D. La. Oct. 29, 2009); Baham v. Allen Correctional Center, Civ. Action No. 07-4075, 2009 WL 3148757, at *3 (E.D. La. Sept. 30, 2009); Davis v. Cain, Civ. Action No. 07-6389, 2008 WL 5191912, at *6 (E.D. La. Dec. 11, 2008); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *2 n.23 (E.D. La. Aug. 15, 2007).

[19] Because petitioner's federal application is untimely, the Court need not address the state's additional arguments that petitioner's claim is both procedurally barred and meritless.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[20]

New Orleans, Louisiana, this twenty-third day of September, 2011.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.